IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA EGGLESTON MAYO, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>SAMANTHA ALEXIS MAYO, *et al.*, )<br>)<br>  Defendants. ) | CASE NO.: 1:17-cv-333-WKW-GMB<br>[WO] |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 19, 2017, *pro se* Plaintiff Andrea Eggleston Mayo filed a notice of removal—entitled "Notice of Petition and Verified Petition for Warrant of Emergency Removal"—and attached as an exhibit a "Complaint for a Civil Case."[1] Docs. 1 & 1-1. Mayo's notice of removal names as defendants Samantha Alexis Mayo, Kathy Ausley, Domby Levon Ausley, Larry K. Anderson, Terry Key, Peter McInnish, Bobby Gene Truitt, Steve Parrish, Casey Beck, Maurice Alfonso Eggleston, and Kalia Lane. Her "Complaint for a Civil Case" names the same defendants. In addition to these filings, Mayo filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Having reviewed the filings, and for the reasons that follow, the court recommends that this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Mayo's "Notice of Petition and Verified Petition for Warrant of Emergency

---

[1] Mayo has also filed two additional notices of removal and complaints in this court. These cases are styled as *Andrea Eggleston Mayo v. Maurice Alfonso Eggleston, et al.*, 1:17-cv-334-WKW-GMB (filed May 19, 2017), and *Andrea Eggleston Mayo v. State of Alabama/Attorney Christopher Capps, et al.*, 1:17-cv-355-WKW-GMB (filed June 1, 2017).

Removal" is a 23-page document that alleges various constitutional claims against the defendants arising out of a civil lawsuit between Mayo and her step-daughter, Samantha Alexis Mayo.  This lawsuit was the result of a dispute between Mayo and her step-daughter over who should receive the proceeds of a life insurance policy following the death of Jeffery W. Mayo, who was Mayo's husband and her step-daughter's biological father. Mayo alleges various federal and state-law claims, including the violation of her constitutional rights, and she seeks $5,000,000 in damages. Docs. 1 & 1-1.

Although Mayo has not submitted any of the relevant state-court filings to this court,[2] an independent review of the records of the Circuit Court of Houston County, Alabama shows that the action Mayo is attempting to remove is styled as *Samantha Alexis Mayo v. Andrea Nichole Eggleston Mayo*, CV-2016-900133, in the Circuit Court of Houston County, Alabama.  Samantha and Andrea Mayo are the only two parties to that action, although Mayo asserts claims against ten additional defendants in her filings before this court. Docs. 1 & 1-1.

Liberally construing Mayo's notice of removal, the court concludes that Mayo is asserting that this court has federal-question jurisdiction over her federal constitutional claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over any state-law claims, *see* 28 U.S.C. § 1367.  However, after a review of Mayo's filings, the court concludes that it

---

[2] Mayo's petition is based "on the presumption that the Alabama State Court record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice." Doc. 1.  However, when a matter is removed from state court to federal court, it is the removing party's obligation—not the court's—to obtain and to file with the court "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the underlying state-court action. 28 U.S.C. § 1446(a).  To date, Mayo has not submitted any of the records from the underlying state-court proceeding to this court, as required by statute.

does not have subject-matter jurisdiction over this action because it was improperly removed.  The Houston County Circuit Court records show that Mayo is attempting to remove a state-court action that has already been dismissed. *See Davis v. Florida*, 2010 WL 2025874, at *1 (M.D. Fla. Apr. 26, 2010) (explaining that a plaintiff cannot remove a state-court case that has already been dismissed by the state court).  Indeed, the underlying state-court case was dismissed on February 27, 2017, over two months before Mayo attempted to remove the action to this court.

Federal courts have limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks omitted).  "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principal that a court should inquire," even on its own initiative, "into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 410.  Even without a pending motion to remand, the court must remand a removed case *sua sponte* if subject-matter jurisdiction is lacking. *Taylor v. Phillips*, 442 F. App'x 441, 443 n.3 (11th Cir. 2011).

A removing party bears the burden of showing facts supporting the federal court's jurisdiction and removing a state-court case in a manner that complies with the removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).  Mayo has not met this burden.  Thus, the court lacks a basis to exercise jurisdiction over the case.

*Univ. of S. Ala.*, 168 F.3d at 410 (explaining that, when a court lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause") (internal quotation marks omitted).  Accordingly, for the reasons explained above, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE and that the court abstain from ruling on Mayo's motion for leave to proceed *in forma pauperis* because it lacks the authority to do so.[3]

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **July 19, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

---

[3] Because the court *sua sponte* recommends dismissal of this action for lack of subject-matter jurisdiction, the court declines to make a recommendation with respect to the pending motion to dismiss and motions to remand. *See* Docs. 4, 6 & 7.

5

DONE this 5th day of July, 2017.

/s/ Gray M. Borden

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE